USDC SCAN INDEX SHEET

CAG 7/8/05 9:26

3:05-CV-01309 CSC HOLDINGS INC V. ORION COMMUNICATION

*23*

*JGM.*

Jeffrey Isaacs, Bar No. 042622
Gerald P. Kennedy, Bar No. 105887
PROCOPIO, CORY, HARGREAVES
& SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: (619) 238-1900
Facsimile: (619) 235-0398

Daniel J. Lefkowitz
Wayne R. Louis
Patrick J. Sullivan
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
Telephone: (516) 942-4700
Facsimile: (516) 942-4705

*Attorneys for Plaintiff CSC Holdings, Inc.*

FILED
05 JUL -7 PM 4:25
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: Caguier DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CSC HOLDINGS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ORION COMMUNICATION d/b/a BLACKCHIPS.COM, MICHAEL SHERIDAN, SHARON AVENS, SOMMAY KONGMALAY, JOHN DOES NOS. 1-10, JANE DOES NOS. 1-10, UNIDENTIFIED CORPORATIONS NOS. 1-10, and UNIDENTIFIED BUSINESS ENTITIES NOS. 1-10,<br><br>Defendants. | Case No: 05 CV 1309 DMS (JFS)<br><br>**CONSENT JUDGMENT AND ORDER OF <u>PERMANENT INJUNCTION</u>** |

**WHEREAS**, plaintiff CSC Holdings, Inc. ("Plaintiff" or "Cablevision") commenced this action alleging, inter alia, that the above-captioned defendants have engaged in the manufacture,

ENTERED ON 7-8-05

23

modification, distribution and/or sale of cable television descrambling devices and equipment to customers within Cablevision's service areas for the interception of Cablevision's proprietary telecommunications programming services in violation of the Communications Act of 1934, as amended, 47 U.S.C. sections 553 (a)(1) and (2) ("Plaintiff's claims"); and

**WHEREAS,** Plaintiff has dismissed its claims against Michael Sheridan without prejudice pursuant to Fed.R.Civ.P. 41; and

**WHEREAS,** Plaintiff and defendants Orion Communication d/b/a blackchips.com, Sommay Kongmalay and Sharon Avens ("Defendants") (Plaintiff and Defendants are sometimes hereinafter referred to collectively as the "Parties") have stipulated to the assertion by the Court of in personam jurisdiction over them and subject matter jurisdiction over the claims asserted in this action; and

**WHEREAS,** the Parties desire to settle all claims which were and could have been brought and available counterclaims which were and could have been brought in this action, and each party has reviewed the Complaint and all other filings in this action, and each has made an investigation into the facts underlying this action and the applicable law; and there being no reason why the full settlement of this action as between the Parties should not be approved; it is hereby:

**STIPULATED AND AGREED** by and between the Plaintiff and Defendants that this action will be settled by the Court's ordering, adjudging and decreeing as follows: it is

**ORDERED, ADJUDGED AND DECREED** that Plaintiff shall recover from Defendants the amount of twenty thousand dollars ($20,000.00) (the "Settlement Amount"), as follows: Defendants shall deliver to Plaintiff's New York counsel a certified, cashier's or bank

check, or money order, made payable to "CSC Holdings, Inc." in the amount of twenty thousand dollars ($20,000.00), for Plaintiff's counsel's receipt on or before July 15, 2005. Pending Plaintiff's receipt of Defendants' settlement payment, the Temporary Restraining Order the Court entered on June 28, 2005 shall remain in effect, except the asset freeze imposed on the Defendants is vacated to the limited extent necessary for Defendants to make their settlement payment. Upon Plaintiff's receipt of Defendants' settlement payment, Plaintiff shall notify Defendants in writing, at which time by operation of this Order, the Temporary Restraining Order, including the remaining asset freeze, shall be vacated, and this settlement shall take effect; and it is further

**ORDERED, ADJUDGED AND DECREED** that each of Defendants, and each of their present and future servants, agents, officers, directors, employees, successors, assigns, affiliates and persons and/or entities acting on their behalf or acting in concert or participation with any of them are hereby permanently enjoined and restrained from selling, offering for sale, advertising for sale, distributing and/or transferring any and all devices, pieces of equipment or components with the capability of descrambling cable television programming services, even if such capability exists only when such devices, pieces of equipment or components are used in conjunction with another piece of equipment (such as a converter, etc.). The devices covered by this injunction include, without limitation, converter-decoders, descramblers, decoders, decoder cubes, chips, test modules, E proms and quick boards (collectively, "Decoding Devices"). Each of the Defendants, and each of their present and future servants, agents, officers, directors, employees, successors, assigns, affiliates and persons and/or entities acting on their behalf or acting in concert or participation with any of them are hereby further permanently enjoined and restrained from knowingly assisting others in any way to intercept or receive without authorization any cable television services, or to manufacture,

modify, purchase, possess or distribute any devices, equipment or components which may be used for such purpose; and it is further

**ORDERED, ADJUDGED AND DECREED** that defendant Kongmalay's agreement to provide Plaintiff with reasonable cooperation in future investigations and prosecutions involving cable television piracy is acknowledged; and it is further

**ORDERED, ADJUDGED AND DECREED** that defendant Kongmalay's agreement to provide Plaintiff with any necessary cooperation in its attempts to access Defendants' computerized sales records is acknowledged. Such cooperation shall include, but not be limited to, providing passwords; and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff's agreement to return to Defendants within thirty (30) days of its receipt of Defendants' settlement payment any and all seized items[1] is hereby acknowledged, except Plaintiff shall not return to Defendants any seized Decoding Devices (which Plaintiff may destroy). All items returned shall be accepted by Defendants in "as is" condition, and any dispute about the condition or completeness of the returned items shall be resolved in the favor of Plaintiff. Plaintiff represents that it will undertake all aspects of the return of seized items in good faith. Defendants hereby waive any and all claims arising out of the seizure, storage and return to Defendants of the seized items, and Defendants transfer to Plaintiff lawful ownership of all items not scheduled to be returned pursuant to this Consent Judgment and Order of Permanent Injunction; and it is further

**ORDERED, ADJUDGED AND DECREED** that subject to full performance of the tasks set forth herein, all claims, counterclaims and/or causes of action which had been brought or

could have been brought by and between Plaintiff and Defendants, arising from, connected with, or related to Plaintiff's claims in this action, as defined herein, are dismissed with prejudice, and the parties acknowledge their release and discharge of each other and each other's attorneys and agents from any and all such claims, causes of action and liabilities; and it is further

**ORDERED, ADJUDGED AND DECREED** that jurisdiction is retained by this Court for the purpose of enabling any of the parties to apply to this Court at any time to enforce compliance with any aspect of the agreements set forth herein, including the foregoing injunction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the parties shall bear their own costs and attorneys' fees incurred in this action; and it is further

**ORDERED, ADJUDGED AND DECREED** that the bond Plaintiff filed in this action is released; and it is further

**ORDERED, ADJUDGED AND DECREED** that this Consent Judgment and Order of Permanent Injunction may be filed without further notice with the Clerk of the Court.

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFF**

**PROCOPIO, CORY, HARGREAVES & SAVITCH LLP**

Dated: 7-7-05 By: ______________________

Jeffrey Isaacs, Bar No. 042622
530 B Street, Suite 2100
San Diego, California 92101
Telephone: (619) 238-1900
Facsimile: (619) 235-0398

[1] Plaintiff may copy Defendants' business records before returning them, and may use such records for any purpose.

**LEFKOWITZ, LOUIS & SULLIVAN, L.L.P.**
Wayne R. Louis (admitted *pro hac vice)*
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
Telephone: (516) 942-4700
Facsimile: (516) 942-4705

**DEFENDANTS**

**SOMMAY KONGMALAY, individually and on behalf of ORION COMMUNICATION d/b/a blackchips.com**

Dated: 7/6/2005

By: ______________________
Sommay Kongmalay
2947 Doria Way
San Diego, California 92139

**SHARON AVENS**

Dated: 7/6/05

By: ______________________
Sharon Avens
2947 Doria Way
San Diego, California 92139

**SO ORDERED on** 7-7 **, 2005:**

______________________
**UNITED STATES DISTRICT JUDGE**